# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Kenneth Steagall,

    Plaintiff,

    v.                                      Case No. 1:07cv961

Commissioner of Social Security,        Judge Michael R. Barrett

    Defendant.

## ORDER

Before the Court is the December 5, 2008 Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 14)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 14)

## I. PROCEDURAL BACKGROUND

On March 24, 2004, Plaintiff filed an application for DIB alleging a disability due to injuries resulting from a car accident. (Tr. 126) Plaintiff's claims were denied initially and on reconsideration. The Administrative Law Judge ("ALJ") held hearings on December 5, 2006 and April 23, 2007. (Tr. 489-541) On April 26, 2007, the ALJ entered her decision finding Plaintiff not disabled because he was capable of performing his past relevant work as an electrician. (Tr. 9) That decision became the Commissioner's final determination

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

upon denial of review by the Appeals Council. (Tr. 5)

## II. MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge recommends affirming the ALJ's finding of non-disability. The Magistrate Judge found that the ALJ properly weighed the medical opinions in the record. The Magistrate Judge concluded that the ALJ was not required to give the opinions of Plaintiff's treating physicians–Drs. Wunder and Murphy–controlling weight.

In reviewing the record, the Magistrate Judge noted that Plaintiff was referred to Dr. Wunder by Dr. Stambough, who performed Plaintiff's back surgery in 2004. The Magistrate Judge also noted that Dr. Wunder specializes in rehabilitative medicine. The Magistrate Judge noted that Dr. Murphy was an internist who had been treating Plaintiff for ten months at the time she rendered her opinion on Plaintiff's condition.

The Magistrate Judge explained that the ALJ found that Dr. Wunder's opinion was "not consistent with the record as a whole." The Magistrate Judge did not understand the ALJ's criticism because there was "very little clinical data generated after the surgery in March, 2004." The Magistrate Judge noted that the opinions of Drs. Wunder and Murphy were for the period of 2005-2007, and the ALJ relied on the opinions of Drs. Hill and Coffman, which were from 2004. The Magistrate Judge explained: "[f]or a claimant whose physical condition is worsening, the two sets of opinions are not necessarily at odds."

However, the Magistrate Judge also questioned whether Dr. Wunder was properly categorized as a treating physician:

> Dr. Wunder['s] status is problematic. Plaintiff was referred to Dr. Wunder by Dr. Stambough for diagnostic purposes and for resulting treatment. Although Dr. Wunder provided his thoughts for diagnostic purposes, the only treatment rendered was to prescribe Amitriptyline and Vicodin. Dr. Wunder saw Plaintiff three times, in May, June, and December, 2005. Dr. Wunder took

> a history in which Plaintiff reported an exacerbation of symptoms, conducted a physical examination and reviewed the x-rays, MRIs and CT scan, and then gave his opinion.

The Magistrate Judge eventually gave "Plaintiff the benefit of the doubt" and classified Dr. Wunder as a treating physician.

The Magistrate Judge ultimately concluded that the opinion of Dr. Wunder, as well as that of Dr. Murphy were "not necessarily inconsistent with Plaintiff's medical record, but were not supported by other evidence of record either." The Magistrate Judge found that under the facts and circumstances of the case, the ALJ's decision to not give the opinions of Drs. Wunder and Murphy controlling weight was not erroneous.

The Magistrate Judge also found that Plaintiff had waived any argument that the ALJ erred by failing to find that he met Listing 1.04(A) because Plaintiff did not appeal on that basis.

Next, the Magistrate Judge found that the ALJ's hypothetical questions to the Vocational Expert ("VE") accurately described Plaintiff's functional capacity. The Magistrate Judge noted that the residual functional capacity findings were based on the opinions of Dr. Hill, a non-examining physician, and Dr. Coffman, a non-treating clinical psychologist.

Plaintiff argues that the following errors were made: (1) the ALJ ignored the testimony of the VE; (2) the opinions of Drs. Wunder and Murphy should have been given controlling weight; (3) if the opinions of Drs. Wunder and Murphy were not entitled to controlling weight, they were entitled to more weight than the opinion of Dr. Hill; and (4) Plaintiff meets Listing 1.04(A).

### III. ANALYSIS

#### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

#### B. Testimony of the Vocational Expert

The ALJ found that Plaintiff had the physical limitations found by Dr. Hill. (Tr. 353-361) The ALJ found that Plaintiff has the residual functional capacity to perform light work, but not the full range of light work. (Tr. 18) At the hearing, the ALJ asked Dr. Parsons, the VE, whether an individual of Plaintiff's age, education, work experience, and residual functional capacity could perform Plaintiff's past relevant work. (Id.) Dr. Parsons testified that an individual could not perform Plaintiff's past relevant work as an electrician as

Plaintiff performed it, but he could perform light, skilled and semi-skilled electrician jobs. (Id.) Based on this testimony, the ALJ found that Plaintiff can perform his past relevant work, as generally performed in the economy at the light level. (Tr. 18) However, Plaintiff points out that Dr. Parsons also testified that an individual with a pain level described by Plaintiff would be prevented from doing any work. (Tr. 537)

The ALJ asked a series of three hypotheticals to the VE. The first two assumed the limitations found by Dr. Hill (Tr. 532, 535), and the third assumed Plaintiff's testimony about his symptoms and limitations (Tr. 537). The VE's response to the third question was that Plaintiff would "be unable to sustain himself in any kind of work activity." (Tr. 537)

An ALJ is entitled to rely upon the testimony of a vocational expert in response to hypothetical questions where the questions accurately portray the claimant's physical and mental impairments. *Cline v. Comm'r of Social Security*, 96 F.3d 146, 150 (6th Cir. 1996). However, the ALJ is only required to incorporate into the hypothetical questions those limitations which have been accepted as credible. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994). As to Plaintiff's credibility, the ALJ found that "the nature of [Plaintiff's] complaints do correspond with the medical evidence. However, while the undersigned finds the claimant to be generally credible, there is nothing in his testimony that indicates that he could not perform the work allowed by the residual functional capacity finding below." In other words, the ALJ accepted that Plaintiff would have pain as the result of his medical conditions, but did not find Plaintiff credible regarding the limitations caused by his pain.

To the extent that Plaintiff questions the ALJ's credibility assessment, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and

deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), *citing Villarreal v. Secretary of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). However, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Id.*, *citing Beavers v. Secretary of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978). The ALJ must also explain his or her credibility determinations "such that it 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' " *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007), *quoting* SSR 96-7p, 1996 WL 374186.

Here, the ALJ's credibility assessment appears to be based solely upon Dr. Hill's opinion. In assessing Plaintiff's residual functional capacity, the ALJ adopted the limitations set forth in Dr. Hill's RFC assessment form in favor of Plaintiff's testimony regarding his own limitations.[2] Whether Dr. Hill's opinion can serve as substantial evidence is dependant upon whether her opinion deserved greater weight that Drs. Wunder and Murphy.

### C. Opinions of Drs. Wunder and Murphy

Plaintiff argues that the ALJ failed to analyze what weight to give Drs. Wunder and Murphy. Specifically, Plaintiff explains that the ALJ failed to apply the factors listed in 20 C.F.R. § 404.1527.

---

[2] The Court notes that Dr. Hill explained that Plaintiff "would have some pain especially with repetitive use of the affected areas and this would not prevent him from driving, doing chores, and doing self-care, so this is credible." (Tr. 353)

The regulation cited by Plaintiff provides: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that either of these criteria have not been satisfied, he or she is required to apply the following factors in determining how much weight to give a treating physician's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 747 (6th Cir. 2007), *citing* 20 CFR § 404.1527(d)(2). The ALJ must articulate "good reasons" for not giving weight to a treating physician's opinion and such reasons must be based on the evidence of record. *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). As the Sixth Circuit has explained:

> If an ALJ does not give good reasons for rejecting the opinion of a treating source, remand and reversal may not be required if the violation has only been *de minimis*. *Wilson*, 378 F.3d at 547. Our court has not yet defined the scope of the harmless error inquiry other than to note that it cannot mean only that the claimant " 'had little chance of success on the merits anyway.' " *Id.* at 546 (quoting Mazaleski v. Treusdell, 562 F.2d 701, 719 n. 41 (D.C.Cir.1977)).

*Hall v. Commissioner of Social Sec.*, 2005 WL 2139890, *6 (6th Cir. Sept. 2, 2005). The Sixth Circuit has identified the following examples of circumstances that "may not warrant reversal": (1) "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has

met the goal of § 1527(d)(2)- the provision of the procedural safeguard of reasons-even though she has not complied with the terms of the regulation." *Id.*, *quoting Wilson* 378 F.3d at 547.

The Court notes that the Magistrate Judge did not find Drs. Wunder and Murphy's opinions inconsistent with Plaintiff's medical record. The Magistrate Judge also noted that the opinions of Drs. Wunder and Murphy were more recent, and the opinion of Dr. Hill was three and a half years old. Additionally, the Court also notes that Dr. Hill, whose opinion the ALJ gave the most weight, was a one-time examiner, and Dr. Wunder is a specialist in rehabilitative medicine. While all of these factors are properly considered under section 1527(d)(2), the ALJ did not include a discussion of these factors in her decision. As such, the Court finds that the ALJ failed to articulate "good reasons" for not giving weight to the opinions of Drs. Wonder and Wilson. Furthermore, the Court finds that this failure was not *de minimus*. First, the opinions of Drs. Wunder and Murphy are not so patently deficient that they cannot be credited. Both doctor's opinions are based upon their treatment of Plaintiff, and as the Magistrate Judge noted, their opinions are "not necessarily inconsistent" with the record as a whole. While their opinions may not be entitled to controlling weight, their opinions should be weighed under the factors listed in section 1527(d)(2). Furthermore, the ALJ acknowledged that the nature of Plaintiff's complaints correspond with the medical evidence. Second, it is clear that the ALJ did not adopt any part of the opinions of Drs. Wunder and Murphy, and instead favored the opinion of Dr. Hill. Finally, the ALJ did not comply with the terms of section 1527(d)(2), or meet the goal of that section by fully explaining why Dr. Hill's opinion was entitled to more weight. Therefore, the Court declines to adopt the Magistrate Judge's R&R on this point.

### D. Listing 1.04(A)

The Magistrate Judge found that Plaintiff had waived any argument that he meets Listing 1.04(A). Plaintiff argues that he did not waive this argument because he argued that Dr. Wunder's opinion should have been given controlling weight, and it was Dr. Wunder's opinion that Plaintiff met Listing 1.04(A). The Court will address this argument because while Plaintiff did not argue in great detail that he met the Listing in his Statement of Errors, the Commissioner did specifically address this point in its brief.

If a claimant's impairment satisfies the requirements of a listed impairment, the Secretary will find the claimant disabled without considering age, education, and work experience. *Johnson v. Secretary of HHS*, 794 F.2d 1106, 1110 (6th Cir. 1986). The ALJ must consider whether the claimant's impairment, singly or in combination with another impairment, medically or functionally equals the listings. 20 C.F.R. § 416.924(a). A claimant bears the burden of proving that he or she meets a listing. *See Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (explaining that the burden of proving disability remains with the Social Security claimant at Steps 1 through 4, and does not shift until Step 5). In order to meet a listing, a claimant must meet all of the requirements set forth in the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990); *Ex. rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.") (citations omitted).

Listing 1.04(A) applies to "disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet

arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." A claimant must show:

> Evidence of nerve root compromise characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg raising test (sitting and supine) . . .

20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1 § 1.04(A). The ALJ addressed this Listing specifically in her written opinion. (See Tr. 14) The ALJ found that Plaintiff suffered from degenerative disc disease, but there was no evidence of nerve root compression accompanied by the requisite neurological deficits. (Tr. 14-15)

Dr. Wunder opined that Plaintiff "met the listings for chronic radiculopathy." (Tr. 381) However, Dr. Wunder's opinion seems to be contradicted by the CT exam performed on August 27, 2003.[3] (Tr. 213) The report states there is no nerve root compression. (Id.) Therefore, Dr. Wunder's opinion is inconsistent with other substantial evidence in the record. Moreover, Plaintiff has not pointed to any medical evidence in the record other than Dr. Wunder's opinion. Accordingly, the Court finds that the ALJ did not err in failing to find that Plaintiff does not meet Listing 1.04(A).

### E. **Appropriate remedy**

The Sixth Circuit has instructed that "when the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 175 (6th Cir. 1994).

---

[3] Moreover, the Court notes that this CT examination occurred prior to Plaintiff's back surgery on March 4, 2004.

Instead, "[t]he case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."  *Id.* at 175-76.  The Court finds that remand is appropriate in this case as opposed to an immediate award of benefits because the record does not adequately establish Plaintiff's entitlement to benefits.  *See id.* at 176.  On remand, the Commissioner shall "give good reasons" for rejecting the opinions of Drs. Wunder and Murphy.

IV. **CONCLUSION**

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds that the ALJ did not properly explain the weight given to the medical opinions in the record. Accordingly, the December 5, 2008 Magistrate Judge's R&R (Doc. 14) is hereby **ADOPTED IN PART.**  The Court finds that decision of the Commissioner is reversed.  This matter shall be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion.  This matter shall be administratively **CLOSED and TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett, Judge
                                              United States District Court